UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
RHODE ISLAND HOMELESS ADVOCACY      )
PROJECT; KAREN ROSENBERG; DEBORAH   )
FLITMAN; and FRANCIS WHITE, JR.,    )
                                    )
         Plaintiffs,                )
                                    )
    v.                              )   C.A. No. 17-334 S
                                    )
CITY OF CRANSTON, by and through    )
DAVID CAPUANO, in his official      )
capacity as City Treasurer; ALLAN   )
FUNG, in his official capacity as   )
Mayor of the City of Cranston; and  )
MICHAEL J. WINQUIST, in his         )
official capacity as Chief of       )
Police of the City of Cranston,     )
                                    )
         Defendants.                )
_____ )

## **MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

In February 2017, the City Council of Cranston passed Ordinance 2017-1, entitled "Prohibition Against Distribution to and Receiving from Occupants of Motor Vehicles" ("Ordinance"). This Ordinance replaced Chapter 10.40.070 of the Code of the City of Cranston, entitled "Solicitation on Roadways Prohibited." Before the Court is Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2) to enjoin the City from enforcing the Ordinance while Plaintiffs litigate their First Amendment challenges. For the reasons discussed below,

Plaintiffs' Motion for Temporary Restraining Order is GRANTED.

To determine whether to grant preliminary injunctive relief, including a temporary restraining order, the Court considers four well-established prongs:

> (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.

Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996) (citation omitted). The first prong is absolutely necessary; without establishing a strong likelihood of prevailing on the merits as opposed to a mere possibility of success, the other prongs are irrelevant. Sindicato Puertorriqueno de Trabajadores v. Fortuno, 699 F.3d 1, 10 (1st Cir. 2012) (quoting Respect Maine PAC v. McKee, 622 F.3d 13, 15 (1st Cir. 2010)).

Plaintiffs argue that the Ordinance is unconstitutional as both a "content-based" restriction as well as a "content-neutral" restriction. A content-based restriction on speech would trigger a "strict scrutiny" analysis, Reed v. Town of Gilbert, 135 S.Ct. 2218, 2227 (2015), and almost certainly establish a likelihood of success on the merits. Plaintiffs have not demonstrated that the restriction is content based, so the Court will consider Plaintiffs' likelihood of success on the merits under the content-neutral analytical framework. This framework requires Plaintiffs

to make a prima facie showing that the Ordinance infringes on their First Amendment rights. See Virginia v. Hicks, 539 U.S. 113, 122 (2003). Once Plaintiffs make this showing, the burden shifts to Defendants to show that the Ordinance is "narrowly tailored to serve a significant governmental interest, and that [it] leave[s] open ample alternative channels for communication of the information." Cutting v. City of Portland, 802 F.3d 79, 84 (1st Cir. 2015) (quoting Ward v. Rock Against Racism, 491 U.S. 781, 791 (1989)).

In support of their motion, Plaintiffs have submitted several exhibits along with a Verified Complaint. For example, one Plaintiff has submitted an affidavit in support of his claim that his First Amendment rights have been and continue to be impeded by the Ordinance because he relies on donations from passing motorists for financial support, and, based on his experience, the new restrictions make it too difficult to panhandle successfully at all in the City of Cranston. (Declaration of Francis White, Jr. ¶¶ 4, 16, ECF No. 2-1.) Defendants, at least at this preliminary stage, do not dispute that handing out and receiving material is a form of speech protected by the First Amendment. Plaintiffs have also shown that the sweep of the prohibition is quite broad – it prohibits everything from firefighters passing the boot, to an individual giving out a phone number or directions to a lost motorist, to candidates for office handing out fliers, and more.

3

So, there is little question that Plaintiffs have met their initial burden of demonstrating infringement on First Amendment rights, shifting the burden to Defendants.

Defendants, in response, rely entirely upon the legislative findings in the Ordinance. With respect to the government interest being served, the legislative findings make clear that Defendants seek to protect the public from distracted driving by prohibiting individuals from receiving or passing items to an occupant of a vehicle while the individual stands in the roadway. The findings also include the number of car accidents in 2016 at twenty-one intersections in the City of Cranston and refer to these numbers as "high," but do not contain any further information that in any way connects the accident data to the problem of distracted driving. Moreover, the Ordinance does not prohibit hand-to-hand transfers from persons standing on a sidewalk, nor does it restrict a person on a sidewalk, a median, or the roadway from holding a sign, yelling, chanting, or conversing with occupants of vehicles while they are stationary.

Although given the opportunity, Defendants submitted no evidence to support the safety issues identified in the findings, nor to support a conclusion that the distractions eliminated by the Ordinance are correlated with the number of traffic accidents at intersections. Simply put, the legislative findings are long on conclusory observation but short on meaningful data connecting

the chosen solution to an actual problem.  Further, Defendants also have failed to explain how activities not prohibited by the Ordinance (hand-to-hand exchanges with individuals on sidewalks or large groups of people yelling with signs on a traffic median, for example) are somehow less distracting than the activities prohibited.

The upshot is that, while perhaps a close call at this preliminary stage, the Ordinance does not appear narrowly tailored to the stated government interest, and Plaintiffs have therefore established a strong likelihood of success on the merits of their Verified Complaint.

After concluding that Plaintiffs have established a likelihood of success on the merits, the Court must presume irreparable injury to Plaintiffs if their motion is denied. See Fortuno, 699 F.3d at 10-11 (quoting Elrod v. Burns, 427 U.S. 347, 373 (1976) ("[T]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.")).  With respect to the third prong of the temporary restraining order analysis, the Court finds that the harm to Plaintiffs which would result from denying the motion - harm that is well supported by the Verified Complaint and affidavits submitted - outweighs the harm to Defendants by enjoining the Ordinance, given the Ordinance was enacted only a few months ago. Prior to its passage in February, the activities prohibited by the

Ordinance were allegedly engaged in all over the City of Cranston and, as stated above, there is no evidence before the Court to show that any accidents were caused by those who engaged in the newly-prohibited activities prior to the enactment of the Ordinance. Thus, Defendants have made no showing of harm resulting from continuing to allow the prohibited activities. Finally, the Court finds that the public has a significant interest in local policies that do not infringe individual First Amendment rights, and will not be harmed by the issuance of this temporary restraining order pending a final determination about whether the Ordinance is, in fact, a violation of the First Amendment.

Plaintiffs' Motion for Temporary Restraining Order (ECF No. 2) is, therefore, GRANTED. Defendants are hereby enjoined from enforcing the Ordinance until further order of the Court.

IT IS SO ORDERED.

/s/ WESmith
William E. Smith
Chief Judge
Date: August 3, 2017